IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
02-0300
════════════
 
Ramiro 
Garza and J&R Valley Oilfield 
Services, Inc., Petitioners,
 
v.
 
Ines 
Gonzalez Garcia, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
Argued January 22, 2003
 
 
Justice Wainwright, dissenting.
Intending 
to stem venue shopping and gamesmanship, the Legislature precluded 
Texas appellate courts from 
reviewing venue transfers ordered on the basis of Aconvenience 
of the parties and witnesses and in the interest of justice.@  Tex. Civ. Prac. & Rem. Code ' 
15.002(b); see An Act Relating to Venue for Civil Actions: Debate on Tex. 
S.B. 32 on the Floor of the House, 74th Leg., R.S. 4 (May 3, 1995) 
(testimony of Rep. Duncan) (transcript available at the Texas State Law Library) 
[hereinafter Debate on Tex. S.B. 32].  Unlike any other orders issued in civil 
matters by state trial courts (of which I am aware), decisions to transfer venue 
based on convenience of the parties are by statute shielded entirely from 
appellate review.  
Tex. Civ. Prac. & Rem. Code ' 
15.002(c).  But the Legislature 
raises this shield only Awhere 
the court finds@ 
the requisite elements required for the convenience transfer.[1]  
Id. ' 
15.002(b)-(c)(emphasis added).  
Notwithstanding the words of the statute, the Court decides today that 
trial courts need not comply with the Legislature=s 
instructions under section 15.002(b) to find a convenience transfer with 
reference to the three factors set out in the statute.  __ S.W.3d __.  Now, without making the referenced 
finding, a trial court may sign an order that generically grants a transfer 
motion that recites anywhere in the motion four talismanic words B 
Aconvenience 
of the parties@ 
- and insulate the grant of the motion from appellate review for all time.  Under the Court=s 
opinion, this occurs even if 1) no arguments were presented to the trial court 
in the briefing or at the venue hearing in support of a convenience transfer, 2) 
no evidence was submitted in the briefing or at the hearing in support of the 
required statutory fact findings and 3) there is no indication in the record 
that a trial judge was even aware that signing the generic order would effect a 
convenience transfer.  Certainly the 
Legislature may restrict appellate review of venue transfers upon the 
satisfaction of given conditions, but we should check to ensure that the 
conditions were considered by trial courts to trigger the bar on appellate 
review.
The 
Court goes even further and states that a trial judge can intentionally violate 
the statute, without recourse, by granting the transfer even if the judge 
expressly states that Athere 
was no evidence for a convenience transfer.@  __ S.W.3d at __.  If this were to occur, this Court should 
not countenance such conduct in the 
Texas judicial system, much less 
interpret a statute in a manner that invites its violation.  The Court=s 
interpretation of this statute is inconsistent with the statute=s 
language and is a departure from long-standing precedent that we are to give 
effect to all of the words in a statute.  
St. Luke=s 
Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 
(Tex. 1997); Simmons v. Arnim, 220 S.W. 66, 70 
(Tex. 1920).  The Court should follow the express 
language of the statute and simply require, at a minimum, some indication in the 
record that the trial court transferred the case for convenience of the 
parties.  This approach is 
consistent with the legislative preclusion of appellate review of convenience 
transfers because it does not permit factual or legal sufficiency review of the 
evidence supporting a transfer.  
Appellate courts would search the record only for some indication that 
the transfer was for the convenience of the parties.  If such an indication is in the record, 
then the transfer stands and there is no appellate consideration of its 
merits.
In 
this case, Ramiro Garza and J&R Valley Oilfield Services, Inc. complained 
that Starr 
County was not a county of proper 
venue, asserting that APlaintiffs= 
cause of action, if any, did not arise in 
Starr 
County@ 
and that Ano 
mandatory or permissive exception authorizes the maintenance of the action in 
Starr County, 
Texas.@  Specifically, defendants argued that 
Garza was not a resident of Starr 
County for venue purposes.[2]  After arguing that venue was proper in 
Hidalgo 
County, the motion stated in the 
following single sentence:  AAlternatively, 
[J&R] would show that venue should be transferred to 
Hidalgo 
County for the convenience of the 
parties.@
The 
motion neither cited nor referenced any supporting arguments of inconvenience or 
injustice to the parties.  At the 
venue hearing, the parties did not argue that the court should transfer the case 
based on convenience, neither the court nor the parties even mentioned the 
required findings under the statute, and there is no indication in the record 
that the trial judge granted a convenience transfer.  The court signed an order that recited, 
A[T]he 
Court grants Defendants= 
Motion to Transfer Venue.@  The parties and the trial court focused 
on whether the plaintiffs= 
chosen venue, Starr 
County, was a proper venue under 
section 15.002(a)(2) based on Garza=s 
residence, and there was ample evidence that 
Starr 
County was defendant=s 
residence.  Venue was proper in 
Starr 
County, and this Court never suggests 
that it was not.
As 
further justification for its ruling, the Court contends that trial judges are 
too busy to pay attention to such details before signing venue transfer 
orders.  ___ S.W.3d at ___.  On the contrary, it is the sworn duty of 
judges to uphold the law and pay careful attention to such important legal 
details.  Only when the record 
indicates that trial courts effected a convenience transfer may we then be 
satisfied that the statutory requisites were followed while also honoring the 
Legislature=s 
intent to remove the merits of such transfers from appellate review.  In short, when a transfer is also sought 
on traditional venue grounds, it would not be onerous to require a trial court 
transferring a case under section 15.002(b) to indicate in some manner in the 
record that, after considering the statutory factors, it granted the motion to 
transfer venue based on convenience of the parties and witnesses.  This would avoid developing 
jurisprudence, as the Court does today, based on a guess that the judge Amight 
have intended to grant [the motion] on convenience grounds.@  __ S.W.3d at __.  Rather than guess, the Court could 
determine if a trial judge actually made a convenience transfer if it simply 
enforced the statute as written.  
Given a legislative instruction to trial courts to affirmatively take 
action to effect a convenience transfer, the Court should require some 
indication that the statute was followed rather than assume, without any 
indication in the record, that it was.
But 
the Court contends that its decision is not based on just a guess, but also on a 
presumption.  __ S.W.3d at __.  Its presumption is that A[g]enerally, we must affirm a trial court=s 
ruling if any ground in the accompanying motion is meritorious.@  __ S.W.3d at __.  I question whether insertion of a few 
words in a motion can always raise an additional meritorious ground on appeal in 
motions the Court cites to support its position (e.g., summary judgments 
and pleas to the jurisdiction).  
Even assuming it can, this is also not an appropriate basis for the 
decision.  It is inappropriate for 
the Court to apply an appellate presumption to trump a statutory 
instruction.  This is especially 
true when the statute was enacted as part of a clear Legislative mandate, as 
existed here, to address venue shopping.  
See Debate on 
Tex. S.B. 32, 
supra (testimony of Rep. Duncan).  
Moreover, the Court=s 
examples of motions to which this presumption applies are inapposite; the 
Legislature does not require a finding to grant a summary judgment or a plea to 
the jurisdiction; it does for a convenience transfer.  The Court attempts to avoid this 
distinction by relying on a guess and a presumption.  I fear that the opinion=s 
method of interpreting this statute could open a pandora=s 
box of unintended consequences by not enforcing the Legislature=s 
instruction to trial courts to Afind@ 
specified factors to order a convenience transfer, when this can be accomplished 
without undermining the preclusion on appellate review.
For 
these reasons, I respectfully dissent, and I join sections I and II of CHIEF 
JUSTICE PHILLIPS=S 
dissent.  I respectfully part with 
CHIEF JUSTICE PHILLIPS=S 
dissent only as to his statement that the Court=s 
opinion may be supported by a literal reading of the statute.
 
 
 
________________________________________
J. 
Dale Wainwright
Justice
 
 
OPINION 
DELIVERED:  May 14, 2004




[1]  
For a convenience transfer the court 
must find that A(1) maintenance of the action in the county of suit 
would work an injustice to the movant considering the 
movant=s economic and personal hardship; (2) the balance of 
interests of all the parties predominates in favor of the action being brought 
in the other county; and (3) the transfer of the action would not work an 
injustice to any other party.@  
Tex. 
Civ. 
Prac. & Rem. Code ' 15.002(b)(1)-(3).  
The Court=s opinion does not mention these three 
factors.

[2]  
If venue is properly established 
against one defendant, it is also proper against all the defendants for all 
claims arising out of the same occurrence.  
Tex. 
Civ. 
Prac. & Rem. Code ' 15.005.  
For this reason, the parties focused their argument on the important 
issue of Garza=s county of 
residence.